IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESUS GARCIA,

                    Petitioner,

   v.

E. EMMERICH,

                    Respondent.

OPINION and ORDER

26-cv-389-jdp

---

Petitioner Jesus Garcia, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Garcia contends that Bureau of Prison officials have denied him an unspecified number of time credits under the First Step Act that, if applied to his sentence, would expedite his release date, which is nearly two years from now.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because Garcia hasn't exhausted his administrative remedies.

BACKGROUND

In January 2016, after pleading guilty to one count of conspiracy to possess with intent to distribute cocaine base, Garcia was sentenced to 216 months in prison. *See* Dkt. 1-1 at 1. Garcia is incarcerated at FCI Oxford, and he has a release date of April 13, 2028.

ANALYSIS

Garcia's primary contention seems to be that he has earned FSA time credit starting from his date of sentencing, and that the BOP is statutorily required to apply those credits to his sentence. *See* Dkt. 1 at 10, 16. He also seems to fault BOP officials for refusing to apply his earned-time credit toward early release specifically. *See id.* at 12. Garcia concedes that he did not use the BOP administrative remedy program before bringing his petition. *See id.* at 3–4.

### A. Failure to exhaust administrative remedies

Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); 28 C.F.R. §§ 542.14(a), 542.15(a). The issues that Garcia raises appear to require detailed factual determinations about his custodial history and eligibility for time credits, which the BOP is charged with calculating. *See Casseus v. Emmerich*, No. 24-cv-776-jdp, 2024 WL 4987278, at *1 (W.D. Wis. Nov. 15, 2024). From what I can discern, the petition is not, as Garcia contends, limited to a pure question of statutory interpretation. Garcia must exhaust the remedies available to him within the BOP before turning to the court for relief, and he has plenty of time to do so.

### B. Merits of the petition

Even if I could excuse the exhaustion requirement, the petition appears to be meritless. The FSA generally provides that certain federal prisoners who complete recidivism reduction programming may earn time credits to accelerate their placement in prerelease custody or supervised release. *See Alqsous v. Emmerich*, No. 25-cv-722-jdp, 2026 WL 125691, at *2 (W.D. Wis. Jan. 16, 2026). But, under "18 U.S.C. § 3632(d)(4)(B), a prisoner is explicitly barred from earning credits . . . before the [FSA] was enacted." *Joseph v. Warden, FCI-Mendota*, No. 25-

cv-800, 2025 WL 3187312, at *4 (E.D. Cal. Nov. 14, 2025), *report and recommendation adopted*, 2026 WL 101838 (E.D. Cal. Jan. 14, 2026); *accord Vieth v. Williams*, No. 21-cv-170, 2021 WL 5177567, at *2 (S.D. Ill. Nov. 8, 2021) ("[C]redit is not available for programming completed before the First Step Act [took effect] . . . ."). The FSA took effect in December 2018. *Alqsous*, 2026 WL 125691, at *2. So Garcia is not eligible to earn FSA time credit for any recidivism reduction programming that he completed before that time.

Garcia also appears to fault BOP officials for refusing to apply his earned-time credit toward early release specifically. The FSA allows up to one year of earned-time credit to be awarded toward early release. *Geraghty v. Keyes,* No. 23-cv-528-jdp, 2023 WL 7353187, at *1 (W.D. Wis. Oct. 2, 2023). Garcia's inmate data printout shows that his projected release date of April 13, 2028, includes the maximum 365 days' FSA time credit. Dkt. 1-1 at 1. Any remaining earned-time credit would have to be applied toward "prerelease custody or supervised release," subject to the BOP's discretion, *see Alqsous*, 2026 WL 125691, at *6.

Although the petition appears to lack merit, I will give Garcia the benefit of the doubt and dismiss it without prejudice on exhaustion grounds only. But Garcia is cautioned that the same merits analysis will apply if he refiles the same petition after exhausting administrative remedies.

## ORDER

IT IS ORDERED that:

1. Petitioner Jesus Gracia's petition, Dkt. 1, is DISMISSED without prejudice for failure to exhaust administrative remedies.

2.  The clerk of court is directed to enter judgment and close the case.

Entered June 3, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge